# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY CRAWFORD, GREGORY GANDY, and HOWARD TESSMAN | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | Case No. 18-cv-1067-MJR |
| SALVADOR GODINEZ, TY J. BATES, RANDY DAVIS, NORMAN SUITS, BARNHART, KEVIN CONROY, LANCE MERCHANT, OXFORD, and UNKNOWN AND UNAMED OFFICERS AT IIP, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

On May 4, 2018, the three named Plaintiffs, represented by counsel and remitting the full filing fee, filed this putative class action pursuant to 42 U.S.C. § 1983. According to the Complaint, beginning on or about February 2011, the named Plaintiffs and putative class members were incarcerated at Vienna Correctional Center's Dixon Springs Impact Incarceration Program ("IIP"). Plaintiffs claim that, while incarcerated at IIP, they were subjected to unconstitutional conditions of confinement. As noted in the Complaint, a previous class action filed in this judicial district made substantially the same allegations. *See Williams, et al. v. Godinez, et al.*, Case No. 12-cv-808-MJR (dismissed with prejudice on August 8, 2017). In the instant case, Plaintiffs are bringing a single Eighth Amendment claim (Count I) for cruel and

1

unusual punishment.

Plaintiffs have paid the full filing fee. Accordingly, the Complaint does not require screening under § 1915(e)(2) (screening for *in forma pauperis* proceedings). Whether the Complaint is subject to screening pursuant to § 1915A, however, is unclear. Pursuant to § 1915A, courts are required to screen "prisoner" complaints and dismiss a complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A. Here, the Complaint does not specify whether each named plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h)[1] and the Court's independent research on the matter is not conclusive.[2]

Nevertheless, the Court need not resolve any ambiguity pertaining to the each named Plaintiff's status as a "prisoner" at the time of filing. The Complaint states a viable Eighth Amendment claim pertaining to conditions of confinement at IIP. Therefore, the Court finds that, to the extent § 1915A screening is required, the Complaint survives preliminary review.

Accordingly, it is hereby **ORDERED** that this case be assigned to United States Magistrate Judge **Stephen C. Williams** for disposition of **non-dispositive pretrial matters and dispositive matters on an R&R basis pursuant to 28 U.S.C. § 636(b)(1)(A) and (B)**. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for

---

[1] Pursuant to § 1915(h), "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

[2] A public records search for state offenders in Illinois reveals the following: (1) there is an inmate named Anthony Crawford who is currently on parole (it is unclear if this is the same person as Plaintiff Crawford) and (2) there are no results for any inmates named Gregory Gandy or Howard Tessman. This suggests that none of the named Plaintiffs is a prisoner as defined by § 1915(h). However, the Court's search is not conclusive. It is possible that these individuals are incarcerated at a non-IDOC facility.

disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), if all parties consent to such a referral. **Plaintiff's counsel shall be responsible for service**.

    **IT IS SO ORDERED.**

    **DATED: May 14, 2018**

                                                 s/ MICHAEL J. REAGAN
                                                 United States District Court
                                                 Chief Judge