IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY CRAWFORD and HOWARD TESSMAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>RANDY DAVIS, NORMAN SUITS, and JAMES BARNARD,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  Case No. 3:18-cv-1067-DWD<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Defendants' motion *in limine*. (Doc. 121). All parties have filed motions *in limine*, which contain several individual motions *in limine*, and both motions are fully briefed. (Docs. 120–22 & 127). However, at this time, the Court will take up only Defendants' first motion *in limine*. For the following reasons, Defendants' first motion *in limine* (Doc. 121 at 2) is due to be granted.

Defendants seek to bar Plaintiffs from offering inadmissible testimony as to the causation of any alleged medical or mental health conditions. (Doc. 121 at 2). Defendants argue that neither Plaintiff has medical expertise and therefore cannot offer his lay opinions about the cause of any alleged medical conditions. A lay witness may offer testimony that is "rationally based on the witness's perception" and "not based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701. So, when an injury and its cause are clearly connected in some obvious way such that common

experiences and observations explain the relationship, expert testimony is not required. *See Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009) ("No expert testimony is required to assist jurors in determining the cause of injuries that are within their common experiences or observations") (holding that a prisoner could testify that a guard "beat him up and that it hurt really bad"). However, a causal connection that cannot be explained to a reasonable degree of certainty without scientific, technical or specialized knowledge requires expert testimony. *See, e.g., Wooler v. Hickman Cty., Kentucky*, No. 5:05CV-247-R, 2008 WL 5412826, at *13 (W.D. Ky. Dec. 30, 2008), *aff'd sub nom. Wooler v. Hickman Cty., Ky.*, 377 F. App'x 502 (6th Cir. 2010) (discussing Eighth Amendment claims that lacked evidence of causation because experts could not testify as to the specific cause of a medical condition to a reasonable degree of medical certainty). Thus, it follows that Rule 701 does not permit a lay witness to offer opinions about medical causation. *See Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001) (finding inmate incompetent to testify in his conditions of confinement case that there is a causal relationship between exercise and healthy gums).

Plaintiff Anthony Crawford claims that the contaminated standing water in the showers at Dixon Springs caused his feet to develop fungal infections. (Doc. 82 at 5 & 13). To support that claim it is necessary that Crawford provide testimony to a reasonable degree of certainty that the particular contaminants in the water could and likely did bring about the fungal infections. To cross the causation bridge, he must have scientific, technical or other specialized knowledge-based testimony. According to the record, there is no indication that he holds any specialized knowledge. He is unqualified to provide

medical or scientific evidence showing the relationship between the shower water and his fungal infection. An infectious disease specialist or dermatologist might well be able to draw a causal connection, but Crawford's supposition that there was contaminated water and that he later developed a fungal infection is, at best, a weak correlation which falls far short of causation. [1] Testimony from Crawford about his perceptions of pain, discomfort, or other symptomology, which would be otherwise admissible, are too far removed from causally connecting the shower water and the source of that pain or discomfort. That connection is not one that would be obvious to a layperson. *Torres v. City of Chicago*, No. 12 C 7844, 2015 WL 12843889, at *8 (N.D. Ill. Oct. 28, 2015); *Denton v. Ne. Ill. Reg'l Commuter R.R. Corp.*, No. 02 C 2220, 2005 WL 1459203, at *5 (N.D. Ill. June 16, 2005)

Plaintiff Howard Tessman may have slightly more leeway to testify as to the cause of his injuries. Tessman claims that he fell and hit his head when Defendant Barnard hit him in the side. (Doc. 74-12 at 15). He reports that he was treated for a mild concussion and that he had blood in his urine for the next two days. (Doc. 74-12 at 15–16). Like the prisoner in *Hendrickson*, Tessman could testify that his fall hurt his head or otherwise caused him immediate pain. But Tessman is not qualified to testify that his fall caused a concussion or that the fall caused him to urinate blood for two days. *See Shea v. Kohler*, No. 12 C 50201, 2017 WL 3475683, at *3 (N.D. Ill. Aug. 14, 2017), *aff'd sub nom. Shea v. Winnebago Cty. Sheriff's Dep't*, 746 F. App'x 541 (7th Cir. 2018) (citing *Hendrickson*, 589 F.3d

---

[1] Crawford has also blamed his fungal infections on persistent wetness due to holes in his shoes and socks. (Doc. 80 at 22).

at 892) (finding that plaintiff could not testify that battery caused a concussion but could describe symptoms he experienced before, during, and after the battery). Tessman could therefore testify to the nature and timing of his fall and the nature and timing of his symptoms but not to the causal relationship between the two, except for straightforward observations that the fall caused him immediate pain.

For these reasons, Defendants' first motion *in limine* (Doc. 121 at 2) is **GRANTED**. The Court will take up the remaining motions *in limine* at a later date. Because Plaintiffs do not intend to call any expert witnesses (Doc. 112 at 1), their ability to offer evidence as to the cause of their alleged conditions is severely limited. As such, the Court has serious concerns about the Plaintiffs' ability to present evidence of damages resulting from the condition of the showers at Dixon Springs or Tessman's ability to show that Barnard's alleged use of force was more than *de minimis*. Accordingly, a status conference is **SET** for **April 21, 2022, at 2:00 p.m.** via Zoom video conference to discuss Plaintiffs' ability to present evidence of damages at trial.

**SO ORDERED.**

Dated: April 11, 2022

_____
DAVID W. DUGAN
United States District Judge